# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| COREY ABERNATHY, ) | |
| ) | Case No. 1:19-cv-2; 1:16-cr-81 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Corey Abernathy's *pro se* motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:19-cv-2; Doc. 71 in Case No. 1:16-cr-81.) For the following reasons, the Court will **DENY** Petitioner's motion. Petitioner has also filed two motions to appoint counsel (Docs. 8, 16 in Case No. 1:19-cv-2), two motions to amend (Docs. 11, 13 in Case No. 1:19-cv-2), a motion to stay (Doc. 10 in Case No. 1:19-cv-2), and a motion for certificate of appealability (Doc. 12 in Case No. 1:19-cv-2). As explained herein, Petitioner's motions to appoint counsel (Docs. 8, 16) will be **DENIED**, his first motion to amend (Doc. 11) will be **DENIED**, his second motion to amend (Doc. 13) will be **GRANTED**, his motion to stay (Doc. 10) will be **DENIED AS MOOT**, and his motion for certificate of appealability (Doc. 12) will be **DENIED**.

I. **BACKGROUND**

On June 28, 2016, a federal grand jury returned a one-count indictment charging Petitioner with unlawful possession of a firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1). (Doc. 1 in Case No. 1:16-cr-81.) On October 18, 2016,

Petitioner signed a plea agreement. (Doc. 24 in Case No. 1:16-cr-81.) According to the factual basis in the plea agreement, Chattanooga Police Department Field Training Officer Matthew Robertson observed Petitioner walking in downtown Chattanooga with a "clearly visible" bolt-action rifle. (Doc. 24 in Case No. 1:16-cr-81.) Robertson then detained Petitioner and secured the rifle, which was unloaded. (Doc. 24 in Case No. 1:16-cr-81.)

After signing the plea agreement, however, Petitioner filed a motion to withdraw his plea agreement and requested that the Court extend the deadline to file a motion to suppress. (Docs. 24, 25 in Case No. 1:16-cr-81.) The Court granted Petitioner's motion to withdraw his plea agreement but denied his request to extend the deadline to file a suppression motion. (Doc. 26 in Case No. 1:16-cr-81.)

On December 5, 2016, Petitioner filed a notice of intent to enter a plea of guilty and attached a factual basis. (Docs. 28, 28-1 in Case No. 1:16-cr-81.) On the same day, the Government filed an almost identical factual basis. (Doc. 29 in Case No. 1:16-cr-81.) According to the factual bases:

> a) On May 16, 2016 the defendant was observed walking down the street in downtown Chattanooga with a bolt action rifle. The rifle was not secured in any case and was clearly visible by Chattanooga Police Department Field Training Officer (FTO) Matthew Robertson[.] Upon observing the defendant, FTO Robertson detained the defendant and secured the rifle, which was unloaded.
>
> b) Prior to May 16, 2016, the defendant was a convicted felon. The defendant has prior convictions for at least the following: (1) Burglary; (2) Burglary of an Auto.
>
> c) An ATF expert analyzed the firearm in this case and determined that it was manufactured outside of the state of Tennessee, and, therefore, did travel in and affect interstate commerce.

(Docs. 28-1, 29 in Case No. 1:16-cr-81.)

Prior to entering his guilty plea, however, Petitioner filed a motion to substitute counsel. (Doc. 31 in Case No. 1:16-cr-81.) On December 29, 2016, United States Magistrate Judge Susan

K. Lee held a hearing on Petitioner's motion to substitute counsel. (*See* Doc. 33 in Case No. 1:16-cr-81.) At the hearing, Petitioner expressed displeasure with his counsel primarily because he did not file a motion to suppress.[1] (Doc. 75, at 6 in Case No. 1:16-cr-81.) During the hearing Petitioner stated that his counsel provided him with a draft suppression motion only shortly before the deadline to file a plea agreement and the deadline to file pretrial motions. (*Id*. at 7.) Petitioner's counsel explained to Magistrate Judge Lee that, although he discussed the possibility of a motion to suppress with Petitioner and presented Petitioner with a draft motion to suppress, Petitioner instructed him not to file the motion to suppress and, instead, to proceed with entering a plea agreement before the plea deadline passed. (*Id*. at 12–13.) Petitioner then explained that he ultimately sought to withdraw his plea agreement because he thought it would afford him an opportunity to file a motion to suppress. (*Id*. at 18–19.) Magistrate Judge Lee gave Petitioner the choice of proceeding *pro se* or continuing to proceed with his current counsel. (*Id*. at 23–24.) Petitioner elected to proceed with his current counsel, and Magistrate Judge Lee denied Petitioner's motion to substitute counsel. (*Id.*; Doc. 35 in Case No. 1:16-cr-81.)

On January 25, 2017, United States District Court Judge Curtis L. Collier conducted Petitioner's change-of-plea hearing. (*See* Doc. 76 in Case No. 1:16-cr-81.) At the hearing, Judge Collier revisited Petitioner's motion to substitute counsel. (*Id*. at 2–17.) Petitioner explained to Judge Collier that he should receive new counsel because his current counsel failed to timely investigate, discuss, and file a motion to suppress. (*Id*.) Petitioner also explained that he sought to withdraw his plea agreement because he thought it would afford him an opportunity

---

[1] Petitioner also expressed frustration that his counsel failed to secure a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and failed to convince the Government to agree to file a motion for downward departure under United States Sentencing Guideline § 5K1.1. (Doc. 75, at 6 in Case No. 1:16-cr-81.)

3

to file his motion to suppress based on alleged violations of his Fourth Amendment rights. (*Id*. at 12.) After Judge Collier denied Petitioner's request to substitute counsel, Petitioner represented that he wished to proceed in changing his plea to guilty. (*Id*. at 29.) During the change of plea colloquy, Petitioner affirmed that the factual bases filed in the record were true and correct. (Doc. 76, at 39 in Case No. 1:16-cr-81; *see also* Docs. 28-1, 29 in Case No. 1:16-cr-81.) Judge Collier then accepted his guilty plea and adjudged him guilty. (Doc. 76, at 40 in Case No. 1:16-cr-81.) Judge Collier later sentenced Petitioner to thirty-four months' incarceration and two years of supervised release. (Doc. 54 in Case No. 1:16-cr-81.)

Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit, arguing that the district court improperly applied the wrong legal standard and calculated his guidelines incorrectly because the facts underlying his possession of a firearm were consistent with possession for sporting purposes. (*See* Docs. 52, 63 in Case No. 1:16-cr-81.) Petitioner did not raise any issues regarding his arrest, plea, or conviction in his appeal to the Sixth Circuit. (*See id*.) The Sixth Circuit affirmed the Court's sentence, holding that Petitioner failed to prove by a preponderance of the evidence that he possessed the firearm solely for lawful sporting purposes. (Doc. 63 in Case No. 1:16-cr-81.)

On January 2, 2019, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255, asserting that he received ineffective assistance of counsel. (Doc. 1 in Case No. 1:19-cv-2.) Although not entirely clear, Petitioner's motion appears to argue that he received ineffective assistance of counsel because his attorney failed to file a motion to suppress incriminating statements to the arresting officer in which he admitted being a felon. (*Id*.) Petitioner argues that counsel should have filed a motion to suppress because "with all the recording devices shown on the video neither one of those

4

devices could prove [he] told the officer [he] was a felon [and] the officer did not now [his] name until he called it in." (*Id.* at 3.) Alternatively, Petitioner's motion asserts that his counsel should have filed a motion to suppress because "[a]fter the officer found out [his] gun was not loaded, [he] should have been free to leave because no law had been broken" and the officer "had no grounds to call [his] name in for warrants because [he] was not breaking any laws." (*Id.*)

After filing his initial petition, Petitioner filed two motions to amend his petition. (Docs. 11, 13 in Case No. 1:19-cv-2.) The first motion to amend simply states that Petitioner seeks permission to amend his petition to "add claims" but does not include any details regarding the claims he seeks to add. (Doc. 11 in Case No. 1:19-cv-2.) The second motion to amend states that his attorney:

> was ineffective as counsel for not using the 4th amendment exclusionary rule to suppress the gun used in my case that got me charged with 922(g)(1) and 924(a)(2). Attorney was also ineffective for not bringing up the 4th amendment violation in direct appeal knowing how I felt about my right being violated. Attorney should have challenged the 4th amendment violation in direct appeal.

(Doc. 13 in Case No. 1:19-cv-2.) The Court **GRANTS** Petitioner's second motion to amend (Doc. 13 in Case No. 1:19-cv-2) to the extent he seeks to assert that he received ineffective assistance of appellate counsel but **DENIES** his first motion to amend (Doc. 11 in Case No. 1:19-cv-2) because it seeks to add only unspecified claims to his motion to vacate, set aside, or correct. *See Oleson v. United States*, 27 F. App'x 566, 568–71 (6th Cir. 2001) (noting that motions to amend habeas corpus petitions are governed by Rule 15 of the Federal Rules of Civil Procedure and that such motions may be denied when amendment is futile). Petitioner's motion to vacate, set aside or correct is now ripe for the Court's review.

II. **STANDARD OF LAW**

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the

5

statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an evidentiary hearing is necessary.  "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b).  "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (internal quotations omitted).  While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*.  When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

## III. ANALYSIS

### A. Timeliness of Petition

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner appealed from the district court's judgment imposing a thirty-four-month term of imprisonment. (*See* Docs. 52, 63 in Case No. 1:16-cr-81.) The Sixth Circuit affirmed Petitioner's conviction and sentence on April 5, 2018, and issued its mandate on April 27, 2018. (Docs. 63, 64 in Case No. 1:16-cr-81.) Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court. (*See* Doc. 1 in Case No. 1:19-cv-2.) When a petitioner chooses not to file a petition for a writ of certiorari, "his conviction [becomes] final when time expire[s] to do so, ninety days from the date of the [appellate court's] mandate." *Norwood v. United States*, No. 17-1370, 2017 WL 4404632, at *2 (6th Cir. July 3, 2017). Thus, Petitioner's conviction became final on July 25, 2018. Petitioner filed the instant petition on January 2, 2019, well within the one-year window to do so. Accordingly, Petitioner timely filed his motion.

## B. Merits of Petition

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To establish the prejudice required under *Strickland* when a defendant pleaded guilty, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Rodriguez-Penton v. United States*, 905 F. 3d 481, 487 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 694). "[T]he inability [of the petitioner] to prove either of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc).

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Therefore, the court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate

the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Failure to file a suppression motion may amount to ineffective assistance, but it is not ineffective assistance *per se*. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). To demonstrate ineffective assistance of counsel based on failure to file a motion to suppress, a petitioner must show that counsel's failure fell below an objective standard of reasonableness. *Id*. Additionally, the petitioner must demonstrate that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the outcome would have been different absent the excludable evidence. *Williams v. United States*, 632 F. App'x 816, 821 (6th Cir. 2015) (citing *Kimmelman*, 477 U.S. at 375).

In this case, even assuming that counsel's performance fell below an objective standard of reasonableness, and that Petitioner's motion to suppress would have been meritorious,[2] Petitioner's motion to vacate, set, aside or correct fails because he cannot demonstrate that the outcome of his trial would have been different absent the excludable evidence, and, therefore, cannot demonstrate prejudice. Although not entirely clear, Petitioner appears to argue that evidence obtained during Robertson's stop and detention should have been suppressed because recording devices used by law enforcement show that Petitioner never admitted to being a convicted felon, and because he should have been free to leave after law enforcement learned his gun was not loaded. (Doc. 1, at 3 in Case No. 1:19-cv-2.) In a filing made after his initial motion to vacate, set aside, or correct, Petitioner also appears to assert that Robertson violated

---

[2] The Court is not convinced that counsel's performance fell below an objective standard of reasonableness or that Petitioner's motion to suppress would have been meritorious. Nonetheless, the Court can resolve Petitioner's motion without conducting an evidentiary hearing on these issues, because Petitioner cannot demonstrate that he was prejudiced by counsel's failure to file a motion to suppress.

9

his Fourth Amendment rights because he did not have a reasonable articulable suspicion of criminal activity when he stopped Petitioner after observing him openly carry a rifle in downtown Chattanooga. (*See* Doc. 18, at 5–6 in Case No. 1:19-cv-2.) As a result, Petitioner contends that evidence obtained during his stop and subsequent arrest, including incriminating statements made to the officer, seizure of the rifle itself, and Petitioner's identity, would have been suppressed had counsel filed a timely motion to suppress. Petitioner's argument, however, ignores that none of the evidence obtained by the arresting officer from the point after which he stopped Petitioner was necessary for the Government to convict him of illegally possessing a firearm as a convicted felon. At the time Petitioner pleaded guilty, to convict him of illegally possessing a firearm as a convicted felon in violation of Title 18, United States Code, Section 922(g)(1), the Government would have had to prove beyond a reasonable doubt that: (1) Petitioner knowingly possessed a firearm; (2) prior to possession, Petitioner had been convicted of a crime punishable by a term of imprisonment exceeding one year; and (3) the firearm travelled in and affected interstate commerce. *United States v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003).[3] As set forth in the factual bases, which Petitioner agreed were true and correct during his change-of-plea hearing, Robertson observed Petitioner walking down the street in downtown Chattanooga with a clearly visible bolt-action rifle. (Docs. 28-1, 29 in Case No. 1:16-cr-81; *see also* Doc. 76, at 39 in Case No. 1:16-cr-81.) Robertson then detained Petitioner and secured the rifle. (Docs. 28-1, 29 in Case No. 1:16-cr-81.) Even before Robertson's initial stop

---

[3] In 2019, the Supreme Court held that Title 18, United States Code, Section 922(g)(1) requires the Government must prove that a defendant knew he possessed a firearm and knew that he was a felon when he possessed the firearm. *Rehaif v. United States*, 139 S.Ct. 2191 (2019). The Supreme Court's holding, however, is not retroactively applicable to cases on collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

or eventual arrest of Petitioner, Robertson had already gained, through Petitioner's public and readily observable actions, the ability to identify Petitioner as a man who possessed the rifle. *See United States v. Crews*, 445 U.S. 463, 474 (1980) (noting that the exclusionary rule prohibits introduction of evidence seized in violation of the constitution, but explaining that a criminal defendant "is not himself suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct"). The Government could have easily proved Petitioner's status as a convicted felon without any incriminating statements made by Petitioner during the allegedly unconstitutional stop. *See United States v. Johnson*, 803 F.3d 279, 282 (6th Cir. 2015) (noting that, when defendant refused to stipulate to a prior felony conviction, the government introduced a certified copy of defendant's prior felony conviction as evidence). Indeed, during Petitioner's change-of-plea hearing, the Government represented that it intended to introduce Petitioner's criminal records as evidence of his prior felony conviction. (Doc. 76, at 27–28 in Case No. 1:16-cr-81.) This proof was available with or without an allegedly illegal arrest or ill-gotten admissions. Under these circumstances, Petitioner has failed to demonstrate that, if he had withdrawn his guilty plea and proceeded to trial, the outcome would have been different if counsel had filed a meritorious motion to suppress. The Government would have still had evidence that Petitioner was a felon and that he knowingly possessed a firearm. Accordingly, the Court will **DENY** Petitioner's motion to vacate, set aside, or correct pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:19-cv-2).[4]

---

[4] To the extent Petitioner argues that he received ineffective assistance of appellate counsel because appellate counsel failed to argue ineffective assistance of trial counsel on direct appeal, that argument also fails. A defendant "cannot typically raise claims of ineffective assistance of counsel on direct appeal because the record is not developed for the purpose of litigating an ineffective assistance claim." *United States v. Walden*, 625 F.3d 961, 967 (6th Cir. 2010)

## IV. PETITIONER'S OTHER MOTIONS

In connection with his motion to vacate, set aside, or correct, Petitioner filed multiple motions to appoint counsel. (Docs. 2, 8, 16 in Case No. 1:19-cv-2.) Rule 8 of the Rules Governing Section 2255 Proceedings provides for the appointment of counsel if an evidentiary hearing has been set and the moving party qualifies to have counsel appointed under Title 18, United States Code, Section 3006A. In this case, an evidentiary hearing is not necessary, and, while the Court has discretion to appoint counsel when the interests of justice so require, there is no reason to appoint an attorney, because the record conclusively shows that Petitioner is not entitled to relief. Accordingly, Petitioner's motions to appoint counsel are **DENIED**.

Additionally, after filing his motion to vacate, set aside, or correct, Petitioner filed a motion to stay, noting that he was in disciplinary detention and did not have access to a law library. (Doc. 10 in Case No. 1:19-cv-2.) Petitioner later filed a motion in which he requested, among other things, that the Court disregard his request for a stay. (Doc. 12 in Case No. 1:19-cv-2.) Based on these filings, the Court **DENIES AS MOOT** Petitioner's motion for stay. (Doc. 10 in Case No. 1:19-cv-2.)

Finally, Petitioner moved for a certificate of appealability before the Court ruled on his motion to vacate, set aside, or correct, ostensibly based on his mistaken belief that the Court had already ruled on his motion. (Doc. 12 in Case No. 1:19-cv-2.) Because the Court had not ruled on Petitioner's motion to vacate, set aside, or correct at the time he moved for a certificate of

---

(declining to consider whether trial counsel was ineffective in failing to file a motion to suppress and noting that defendant may pursue such a claim under Title 28, United States Code, Section 2255). Accordingly, Petitioner cannot demonstrate that his appellate counsel's performance fell below an objective standard of reasonableness.

appealability, Petitioner's motion for a certificate of appealability (Doc. 12 in Case No. 1:19-cv-2) is **DENIED**.

V. **CONCLUSION**

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:19-cv-2; Doc. 71 in Case No. 1:16-cr-81) is **DENIED**. Petitioner's motion to amend (Doc. 11 in Case No. 1:19-cv-2) is **DENIED**, and his second motion to amend (Doc. 13 in Case No. 1:19-cv-2) is **GRANTED**. Petitioner's motions to appoint counsel (Docs. 2, 8, 16 in Case No. 1:19-cv-2) are **DENIED**. Petitioner's motion to stay (Doc. 10 in Case No. 1:19-cv-2) is **DENIED AS MOOT**, and his motion for certificate of appealability (Doc. 12 in Case No. 1:19-cv-2) is **DENIED**.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**